**In the Matter of Betty Louise HEARD, Bankrupt.**

**Civ. No. 77-0108.**

United States District Court,
E. D. Illinois.

Oct. 20, 1977.

Timothy O. Smith, Lowenstein & Hubbard, Danville, Ill., John Tierney, Trustee, Catlin, Ill., for bankrupt.

ORDER

WISE, Chief Judge.

This matter is before the Court on the appeal of the Bankrupt from an Order of the Bankruptcy Judge entered June 9, 1977. Oral argument has been waived, and only appellant has filed a brief.

The sole issue on appeal is whether ch. 52, § 13, Ill.Rev.Stat. (1975), allows the Bankrupt, who is head of a household, to select more than $300 of money as exempt property. That statute provides in part:

The following personal property, owned by the debtor, is exempt   .   .   .:

.   .   . .

.   .   . .

Three hundred dollars' worth of property, including money, and salary or wages due him, to be selected by the debtor, and, in addition, when the debtor is the head of a family and resides with the same, $700 worth of other property, to be selected by the debtor.

Another provision exempts money received as proceeds from the sale of exempt property.

Appellant takes issue with the Bankruptcy Judge's interpretation of § 13 as allowing no more than $300 in money to be claimed as exempt. This interpretation is based on three factors:

(1) When first used, the word "property" is specifically stated to include money;

(2) With regard to the additional $700 exemption, the phrase "other property" is used; and

(3) There is a special provision exempting proceeds from the sale of exempt property.

It is the opinion of this Court that the Bankruptcy Judge has correctly interpreted and applied the statute in question, and his decision will be affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Order of the Bankruptcy Judge entered on June 9, 1977, be, and the same is hereby, affirmed.

IT IS FURTHER ORDERED that the Bankrupt's present appeal be, and the same is hereby, dismissed.